LEONARD MORRIS

*v.*

# THE INDIANAPOLIS, BLOOMINGTON AND WESTERN RAILWAY COMPANY

REVOCATION—*of license, for breach of conditions subsequent.* Where the owner of land executed an agreement with a railway company, which constituted not only an irrevocable license to enter and occupy a part of the same as a right of way, but obligated the owner, so soon as the road was finally located and built, to convey to the company the right of way of fifty feet on each side of the center of the road, it was *held*, that the failure of the company to perform conditions subsequent contained in the

agreement, such as fencing, etc., furnished no ground for the revocation of the license under which the company entered and constructed its road, as complete indemnity in damages were recoverable therefor in an action at law, and therefore the owner could not recover possession of the right of way in ejectment for breach of such conditions.

APPEAL from the Circuit Court of McLean county ; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Mr. C. W. FAIRBANKS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

This action was brought in ejectment to recover a strip of land 100 feet in width, being the right of way on which defendant's road-bed is constructed through a tract of land owned by plaintiff. No question is made that plaintiff was the original owner of the land.

Prior to the construction of the railroad, he entered into a written contract with the "Danville, Urbana, Bloomington and Pekin Railroad Company," a corporation created under the laws of this State, and which has since been consolidated with the Eastern Division, under the name of the defendant company, by which he agreed, in consideration the railroad company would make and maintain a fence on each side of its road and give a crossing, in case it should locate its road across his land, the company might, "at any time, enter upon and use said land for the purpose of locating, building, operating and maintaining said railroad."

Under that agreement the company did enter upon the land, constructed its road, and has operated it since 1870. It constituted not only an irrevocable license to enter and occupy the right of way for its road-bed, but the contract obligated plaintiff so soon as the road was finally located and built upon his land, to convey to the company the title to the right of way, not exceeding fifty feet on each side of the center stake of the survey of the road.

It will be observed the conditions contained in the agreement, which it is insisted have not been complied with, are all conditions subsequent. If broken, complete indemnity may be obtained in damages, recoverable in an action at law. The fact the company may not have kept all its covenants and undertakings contained in the agreement with plaintiff, constitutes no ground for the revocation of the license under which the company entered and constructed its road.

The court found correctly, and its judgment must be affirmed.

*Judgment affirmed.*